UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOCIETY OF THE HOLY
TRANSFIGURATION MONASTERY,
INCORPORATED,

        Plaintiff,

v.

SHERIDAN BOOKS, INC. and
ARCHBISHOP GREGORY OF DENVER, CO,

        Defendants.

HON. GEORGE CARAM STEEH

C.A. No. 06-10291

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

      For its First Amended Complaint, Plaintiff Holy Transfiguration Monastery alleges as follows:

**The Parties**

      1.    The Plaintiff Society of the Holy Transfiguration Monastery, Incorporated ("the Monastery") is a community of religiously devoted members of an Eastern Orthodox Order that is located at 278 Warren Street, Brookline, MA 02445. The Monastery is non-profit corporation in good standing incorporated under the laws of the Commonwealth of Massachusetts.

      2.    Defendant Sheridan Books, Inc. ("Sheridan") upon information and belief is a Michigan corporation, having its principal place of business at 613 East Industrial Dr., Chelsea, MI 48118. Defendant Sheridan is, upon information and belief, a full-service book manufacturer and fulfillment service that enters into contracts to consult, print, bind, and distribute books

3. Defendant Archbishop Gregory was formerly a monk in the Monastery and is, upon information and belief, currently a resident of Buena Vista, Colorado with a mailing address of Post Office Box 3177, Buena, Vista, CO 81211.

## Jurisdiction and Venue

4. The Court has jurisdiction over Defendant Sheridan in that Defendant Sheridan has a principal place of business in Michigan and conducts business in Michigan, including business relating to the subject matter of this action.

5. The Court has jurisdiction over Defendant Archbishop Gregory in that Defendant Archbishop Gregory, upon information and belief, entered into a contract in Michigan with Defendant Sheridan to print and bind the book, the copies of which are the subject matter of this action.

6. The Court has exclusive subject matter jurisdiction over the copyright claims in this Complaint under 28 U.S.C. § 1338(a) and 17 U.S.C. § 301(a).

7. Venue is proper in this jurisdiction and district under 28 U.S.C. §§ 1391 (a) and (c) and 1400(a).

## Factual Allegations

8. Plaintiff's community was founded in 1960 in Haverhill, Massachusetts, and now consists of 35 monks, living in obedience to an abbot in Brookline, Massachusetts. Defendant Archbishop Gregory was formerly a monk of the Monastery. He was not ordained as a priest and he left the Monastery in 1978.

9. Among the works undertaken by the Monastery in furtherance of its mission and purpose, the Monastery created a translation of an ancient text entitled "The Life of Saint

Andrew the Fool-For-Christ of Constantinople" ("the St. Andrew Text") from an original text in the Greek language.

10. Members of the Monastery took time and expended energy, intellectual effort, and the capital to translate, edit, and typeset the St. Andrew Text. The Monastery has not yet published its translation of the St. Andrew Text, due largely to significant demands on time, energy, and funds made by other major publication projects.

11. The unpublished St. Andrew Text translation constitutes original expression and copyrightable subject matter, the copyright in which is owned by the Monastery.

12. The Monastery has applied for and received a registration of its copyright in and to the St. Andrews Text, Registration No. Txu1-269-192, issued on October 11, 2005.

13. The Monastery has not authorized any of the Defendants or any third parties to make copies, publish or distribute the copyrighted St. Andrew Text.

14. Upon information and belief, Defendant Archbishop Gregory has access to a copy of the copyrighted St. Andrew Text. Upon information and belief, Defendant Archbishop Gregory obtained a copy of the copyrighted St. Andrew text without the Monastery's permission and in violation of the trust it placed in third persons in approximately March of 2006.

15. On or about September 6, 2005, members of the order discovered that without permission Defendant Archbishop Gregory, through an entity entitled the Dormition Skete press, had published or was about to publish a near-identical reproduction and copy of the copyrighted St. Andrew Text, which was, upon information and belief, printed and bound by Defendant Sheridan.

16. The book printed by Defendant Sheridan and published by Defendant Archbishop Gregory is a near-identical verbatim reproduction and unauthorized copy of the entire copyrighted St. Andrew Text.

17. On information and belief, Defendant Archbishop Gregory advertises, offers for sale, distributes, and sells unauthorized copies of the copyrighted St. Andrew Text through its website, www.dormitionskete.org. Plaintiff has obtained a copy of defendants' unauthorized copy.

18. On information and belief, Defendant Sheridan has contracted with Defendant Archbishop Gregory in Michigan to print and deliver the unauthorized copies of the copyrighted St. Andrew Text.

## Copyright Infringement—All Defendants

19. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 18, above.

20. The Monastery owns the St. Andrew Text translation and the copyright in and to the St. Andrew Text, which it translated, edited, and typeset. The Monastery has at no time relinquished any ownership rights in its copyright of the St. Andrew Text.

21. The Monastery holds a certificate of copyright registration for the St. Andrew Text, and has not relinquished any ownership rights in its copyright of the St. Andrew Text.

22. Defendant Archbishop Gregory has published, sells, offers for sale, and distributes a nearly identical unauthorized copy of the St. Andrew Text without permission of the Monastery, the copyright owner. The acts of Defendant Archbishop Gregory constitute copyright infringement under 17 USC § 106.

23. Defendant Archbishop Gregory upon information and belief, entered into a contract to allow Defendant Sheridan to reproduce the near identical unauthorized copy and reproduction of the St. Andrew Text. Defendant Sheridan, upon information and belief, copied and printed the near identical unauthorized copy and reproduction of the St. Andrew Text, without permission of the Monastery, the copyright owner, materially contributing to the infringement of the copyrighted work the St. Andrew Text. The acts of Defendant Sheridan constitute copyright infringement under 17 U.S.C. § 106.

24. The acts of Defendants alleged above constitute infringement of the copyright in and to the registered work "The Life of Saint Andrew the Fool-For-Christ of Constantinople" and inducement of copyright infringement under 17 U.S.C. §§ 106 and 501.

25. Plaintiff is damaged by Defendants' acts of infringement. Furthermore, Defendants' have, upon information and belief, profited from their acts, entitling Plaintiff to an award of its actual damages and any additional Defendants' profits under 17 U.S.C. §§ 504(a)(1) and 504(b).

26. Upon information and belief, the infringing acts of Defendant Archbishop Gregory were undertaken and/or continued with knowledge of Plaintiff's copyright rights and without any good faith basis in law or fact that their actions were legal and thus Defendant Archbishop Gregory's acts of infringement were committed willfully and in disregard of Plaintiff's known rights.

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays that this Court:

(1) Enter judgment in favor of Plaintiff and against Defendants on the Complaint;

(2) Preliminary and permanently enjoin Defendants from publishing, posting, copying, offering to copying, or otherwise distributing Plaintiff's copyrighted works, including all versions thereof;

(3) Order the Defendants to account for and pay to Plaintiff all gains, profits and savings derived from their acts of infringement;

(4) Award Plaintiff its damages, in addition to Defendants' profits, as a result of Defendants' copyright infringement;

(5) Order Defendants to deliver up and surrender to Plaintiff all unauthorized copies of Plaintiff's copyrighted text, including all prints, plates, masters, physical and electronic, from which copies can be made, for destruction;

(6) Award Plaintiff such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable thereby.

DICKINSON WRIGHT PLLC

By: s/Kathleen A. Lang
Kathleen A. Lang (P34695)
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
klang@dickinsonwright.com

Of Counsel:
Mark A. Fischer, Esq.
Heidi E. Harvey, Esq.
FISH & RICHARDSON
225 Franklin Street
Boston, Massachusetts  02110
(617) 542-5070

DATED:  March 30, 2006

DETROIT 29065-1  929341v1